## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS ALLEN FRIEND, as Guardian** | : | |
| **of the Person and the Estate of** | | **CASE NO.:** |
| **THOMAS ALLEN FRIEND, JR.,** | : | |
| **2982 Stewart Hollow Road** | | **JUDGE:** |
| **Peebles, Ohio 45660** | : | |
| | | |
| **Plaintiff,** | : | |
| | | |
| **vs.** | : | |
| | | |
| **PIKE COUNTY, OHIO and** | : | **CIVIL COMPLAINT** |
| **THE PIKE COUNTY BOARD** | | **(Demand for Jury Trial** |
| **OF COMMISSIONERS** | : | **Endorsed Hereon)** |
| **230 Waverly Plaza, Suite 1000** | | |
| **Waverly, Ohio 45690** | : | |
| | | |
| **and** | : | |
| | | |
| **JAMES E. NELSON, INTERIM SHERIFF** | : | |
| **c/o Pike County Sheriff's Office** | | |
| **14050 U.S. Route 23** | : | |
| **Waverly, Ohio 45690** | | |
| | : | |
| **and** | | |
| | : | |
| **CHARLES S. READER, SHERIFF** | | |
| **2101 Pennington Road** | : | |
| **Waverly, Ohio 45690** | | |
| | : | |
| **and** | | |
| | : | |
| **JEREMY C. MOONEY, DEPUTY** | | |
| **300 Radford Street** | : | |
| **Piketon, Ohio 45661** | | |
| | : | |
| **and** | | |
| | : | |
| **WILLIAM STANSBURY, JR.,** | | |
| **DEPUTY SERGEANT** | : | |
| **c/o Pike County Sheriff's Office** | | |
| **14050 U.S. Route 23** | : | |
| **Waverly, Ohio 45690** | | |

**and**                                             :

**DANNY CARROLL, DEPUTY**                           :
**c/o Pike County Sheriff's Office**
**14050 U.S. Route 23**                             :
**Waverly, Ohio 45690**
                                                    :
**and**
                                                    :
**JOHN/JANE DOE s #1-10**                           :
**c/o Pike County Sheriff's Office**
**14050 US Highway 23**                             :
**Waverly, Ohio 45690**                             :

       **Defendants.**                             :

NOW COMES Plaintiff Thomas Allen Friend, as Guardian of the Person and the Estate of Thomas Allen Friend, Jr., by and through undersigned counsel, and hereby presents his Complaint against Defendants and states as follows:

## INTRODUCTORY STATEMENT

1.      This is a civil rights action for damages sustained by a citizen of the United States of America and Pike County, State of Ohio against several Deputies of the Pike County, Ohio Sheriff's Office for their unlawful use of excessive and/or unreasonable force, and for their unlawful harassment of Plaintiff. This is also an action for damages against the Sheriff of Pike County, Ohio and the Interim Sheriff of Pike County, Ohio as the supervisory individuals responsible for the conduct of the County's Deputies, and against several unknown individuals who may have also acted in concert with the named Deputy Defendants and/or acted in supervising the Deputy Defendants. This is also an action against Pike County, Ohio, and The Pike County Board of Commissioners which employed the Deputies, Sheriff, Interim Sheriff, and other supervisors, for its policy to use such excessive and/or unreasonable force, and/or to

harass Plaintiff, and/or for failing to train its Deputies regarding such conduct, or to adopt a policy against such conduct and/or regarding such conduct.

## JURISDICTION AND PARTIES

2.      The jurisdiction of this Court is predicated on 28 U.S.C. § 1331; and 28 U.S.C. §§ 1343(3) and (4); and 42 U.S.C. § 1983.  Supplemental jurisdiction over the state law claims, which are so related to claims over which the Court has original jurisdiction that they form part of the same case or controversy, is conferred by 28 U.S.C. § 1367.  Venue is proper in this Division.

3.      Thomas Allen Friend, Jr. (hereinafter "Plaintiff") is, and was at all times relevant to the allegations raised in this Complaint, a resident of the State of Ohio and a citizen of the United States.  Plaintiff Thomas Allen Friend, Jr. suffers from bipolar schizophrenia.  His Guardian, Thomas Allen Friend, duly appointed by the Pike County Common Pleas Court Probate Court in Case No. 20192010, brings this action on his behalf for damages resulting from the violation of Plaintiff's rights secured by the United States Constitution and the laws of the State of Ohio.  *See* Plaintiff's Exhibit 1 attached hereto.

4.      At all times relevant hereto, Defendant Jeremy C. Mooney (hereinafter "Defendant Mooney") was a Deputy employed by the Pike County Sheriff Office.  Defendant Mooney is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.  Plaintiff sues Defendant Mooney individually and in his official capacity.  At all times relevant hereto, Defendant William Stansbury, Jr. (hereinafter "Defendant Stansbury") was a Deputy Sergeant employed by the Pike County Sheriff's Office.  Defendant Stansbury is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law. Plaintiff sues Defendant Stansbury individually and in his official capacity.  At all times relevant

hereto, Defendant Danny Carroll (hereinafter "Defendant Carroll") was a Deputy employed by the Pike County Sheriff's Office.  Defendant Carroll is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.  Plaintiff sues Defendant Carroll individually and in his official capacity.  The Defendants identified in this paragraph will be referred to collectively as "Defendant Deputies."

5.      At all times relevant hereto, Defendant John/Jane Does # 1-10 were employed by the Pike County's Sheriff's Office as Deputies and/or Supervisors.  Defendant John/Jane Does #1-10 are each a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.  Plaintiff sues these Defendants individually and in their official capacities.  These Defendants will also be collectively referred to as "Defendant Deputies."

6.      At all times relevant hereto, Defendant James E. Nelson ("hereinafter "Defendant Nelson") was the Interim Sheriff of the Pike County Sheriff's Office at the time of the subject incident of this Complaint.  As such, Defendant Nelson was in charge and command of Defendant Deputies and was responsible for their training, supervision, and conduct.  Defendant Nelson was also responsible for the enforcement of regulations of the Pike County's Sheriff's Office and for ensuring that the personnel of the Pike County Sheriff's Office obeyed the laws of the State of Ohio and of the United States.  Defendant Nelson is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law.  Plaintiff sues Defendant Nelson individually and in his official capacity.

7.      At all times relevant hereto, Defendant Charles S. Reader ("hereinafter "Defendant Reader") was the Sheriff of the Pike County Sheriff's Office.  At the time of the subject incident of this Complaint, Defendant Reader was under suspension.  Despite this, Defendant Reader was responsible for the Defendant Deputies' training, supervision, and

conduct up to the point of his suspension and beyond. Defendant Reader was also responsible for the enforcement of regulations of the Pike County's Sheriff's Office and for ensuring that the personnel of the Pike County Sheriff's Office obeyed the laws of the State of Ohio and of the United States up to the point of his suspension and beyond. Defendant Reader is a "person" under 42 U.S.C. § 1983 and at all times relevant hereto acted under color of law. Plaintiff sues Defendant Reader individually and in his official capacity.

8.      Defendant Pike County, Ohio (hereinafter "Defendant Pike County") is a unit of local government organized under the laws of the State of Ohio. Pike County, Ohio is sued through The Pike County Ohio Board of Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12. Defendant Pike County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

9.      At all times relevant hereto and in all their actions described herein, Defendants acted under color of laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Ohio and Pike County.

## FACTUAL ALLEGATIONS & CLAIMS

10.      Plaintiff hereby incorporates Paragraphs 1 through 9 as if fully written herein.

11.      On November 18, 2019, Plaintiff Thomas Allen Friend, Jr. was an inmate in the care and custody of the Pike County Sheriff's Office jail.

12.      Plaintiff Thomas Allen Friend, Jr. was being held on misdemeanor charges and awaiting his initial appearance with the Pike County Court that was to occur later that morning.

13.      At approximately 5:52 a.m., video from the Pike County Sheriff's Office shows Plaintiff in a restraint chair while in the presence of Defendant Mooney. Based upon information

and belief, Defendant Mooney had already OC (pepper) sprayed Plaintiff while in said restraint chair earlier that same morning.

14.     Defendant Mooney at this time has an OC (pepper) spray fogger in his hand.

15.     Defendant Mooney proceeds to wheel Plaintiff via the restraint chair outside to the parking lot of the Pike County Sheriff's Office. Defendant Stansbury watches Defendant Mooney wheel Plaintiff outside and fails to intervene.

16.     At approximately 5:55:12 a.m., Plaintiff proceeds to tip over the restraint chair landing on his back in the parking lot. Defendant Mooney and Defendant Stansbury proceed to place Plaintiff upright. Defendant Stansbury watches Defendant Mooney grab the OC (pepper) spray fogger again at this time.

17.     At approximately 5:55:54 a.m., while Plaintiff is still restrained in the restraint chair, Defendant Mooney proceeds to pepper spray Plaintiff in the face with the OC (pepper) spray fogger.

18.     Defendant Stansbury observes Defendant Mooney's actions and fails to intervene.

19.     Plaintiff, in distress, again flips the restraint chair over in the parking lot.

20.     Defendant Mooney and Defendant Stansbury leave Plaintiff lying in the parking lot still restrained in the restraint chair.

21.     At approximately 5:57 a.m., while still in the restraint chair and still lying on the ground, Defendant Mooney again proceeds to OC (pepper) spray Plaintiff in the face with the OC (pepper) spray fogger.

22.     Defendant Stansbury again observes Defendant Mooney's actions and again fails to intervene.

23.     Plaintiff is left lying on his back in the restraint chair in the parking lot until approximately 6:06 a.m. when he is up-righted by Defendant Mooney, Defendant Stansbury, and Defendant Carroll.

24.     Plaintiff is then wheeled back inside the Pike County Sheriff's Office.  Plaintiff does not receive any first-aid at this time despite being OC (pepper) sprayed at least three (3) times at this point.  Both Defendant Stansbury and Defendant Carroll make no effort at this time, or any time thereafter, to relieve Defendant Mooney or to otherwise deescalate the situation.

25.     At approximately 6:30:34 a.m., Plaintiff is forcibly struck three (3) times in the face/head by Deputy Mooney while still in the restraint chair.

26.     At approximately 6:33:29 a.m., Plaintiff is forcibly struck three (3) more times in the face/head by Deputy Mooney while still in the restraint chair.

27.     At approximately 6:33:50 a.m., Plaintiff is forcibly struck five (5) more times in the face/head by Deputy Mooney while still in the restraint chair.

28.     Defendant Mooney and Defendant Deputies lacked any cause whatsoever to believe that Plaintiff posed a significant threat of death or serious physical injury to the Deputies, others, or himself.

29.     Defendant Mooney and Defendant Deputies either all participated in the conduct described herein or willfully and maliciously permitted such conduct to continue by the other Defendant Deputies and/or Defendant Mooney.

30.     The conduct of Defendant Mooney and Defendant Deputies as described herein was malicious, intentional, reckless, and/or done with deliberate indifference as to Plaintiff's rights.  Defendant Pike County and Defendant Nelson failed to act to investigate and/or failed to fully and adequately investigate said conduct.

## COUNT ONE: 42 U.S.C. § 1983

31.      Plaintiff hereby incorporates Paragraphs 1 through 30 as if fully written herein.

32.      Defendants have, under color of law, deprived Plaintiff of the rights, privileges, and immunities secured to him by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including, but not limited to, the right to be secure in his person; the right to be free from excessive force; the right to be free from cruel and unusual punishment; the right to be free from governmental actions and/or inactions that shock the conscience; and the right to both procedural and substantive due process.

33.      Defendant Mooney's actions and/or inactions, which violated Plaintiff's clearly established constitutional rights to be secure from excessive force and cruel and unusual punishment, were unreasonable and shocked the conscience.

34.      Defendant Mooney's use of force was grossly negligent, reckless, malicious, sadistic, and was carried out with an abandoned and depraved heart.

35.      On information and belief, the conduct of Defendant Deputies was consistent with an institutionalized, widespread practice, policy, or custom of the Pike County Sheriff's Office. This practice, policy, or custom was known and ratified, or should have been known by Defendant Nelson, Defendant Reader, and Defendant Pike County.  This allegation and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

36.      On information and belief, Defendants at no time took any effective action and/or were deliberately indifferent in preventing the personnel of the Pike County Sheriff's Office from the use of such unreasonable and excessive force and/or in failing to prevent or report the use of such force by another deputy.  Specifically, Defendant Mooney subsequently resigned, but

received paid medical leave until on or about January 4, 2020. Likewise, Defendant Stansbury received a ten (10) day "working suspension" while still receiving payment from his leave time accrual. Further, based upon information and belief, Defendant Carroll received no discipline for his role in the incident. Given the severity and seriousness of Defendant Deputies' actions and inactions, this form of discipline, or lack thereof, by Defendant Nelson, Defendant Reader, and/or Defendant Pike County ratified the unconstitutional conduct of Defendant Deputies. This allegation and/or other factual contentions are likely to have further evidentiary support after a reasonable opportunity for investigation and discovery.

37.     Defendant Nelson, Defendant Reader, and/or Defendant Pike County failed to adequately train and/or supervise Defendant Mooney and/or the other Defendant Deputies in the exercise of their functions including, but not limited to, the fundamental law of and the use of force during detention, which includes the prevention of such force by another deputy and the reporting of such force used by another deputy. Said failure to train by Defendants was malicious, reckless, or done with a deliberate indifference as to the rights of Plaintiff and other similarly-situated individuals.

38.     Defendants failed to adopt a policy or practice preventing its personnel from engaging in the use, prevention, and reporting of excessive force, as alleged herein.

39.     On information and belief, Defendants' failure to fully and/or adequately investigate the conduct described herein is consistent with an institutionalized, widespread practice, policy, or custom of Pike County through its Sheriff's Office, which was known and ratified or should have been known by Defendant Nelson, Defendant Reader and/or Defendant Pike County. This allegation and/or other factual contentions are likely to have further evidentiary support after a reasonable opportunity for investigation and discovery.

40.     On information and belief, Defendants at no time took any effective action and/or were deliberately indifferent in directing the personnel of the Pike County's Sheriff's Office to not fully and/or adequately investigate the conduct of Defendant Mooney and/or the other Deputy Defendants.  Specifically, Defendant Stansbury received a ten (10) day "working suspension" while still receiving payment from his leave time accrual.  Given the severity and seriousness of Defendant Deputies' actions and inactions, this form of discipline by Defendant Nelson, Defendant Reader, and/or Defendant Pike County ratified the unconstitutional conduct of Defendant Deputies.  This allegation and/or other factual contentions are likely to have further evidentiary support after a reasonable opportunity for investigation and discovery.

41.     Defendant Nelson, Defendant Reader, and/or Defendant Pike County failed to adequately train and/or supervise its personnel in the exercise of their functions including, but not limited to, the investigation of incidents and/or complaints of excessive force by its deputies. Said failure to train by Defendants was malicious, reckless, or done with a deliberate indifference as to the rights of Plaintiff and other similarly-situated individuals.

42.     Defendants failed to adopt a policy or practice preventing Pike County Sheriff's Office personnel from engaging in the conduct alleged herein concerning the failure to investigate the incident of excessive force and conduct of Defendant Deputies as alleged herein.

43.     As a direct and proximate result and consequence of Defendants' conduct as alleged above, Plaintiff experienced severe injury, humiliation, emotional distress, pain and suffering, and was otherwise damaged.

44.     Defendants Deputies, Defendant Mooney, Defendant Nelson, Defendant Reader, and/or Defendant Pike County conspired to harass Plaintiff and use excessive force upon Plaintiff causing him serious physical pain and injury and extreme fear and distress.  Defendants'

conduct was outrageous, shocked the conscience, and violated Plaintiff's clearly established due process rights.

45.     The above-alleged actions and omissions, engaged in under color of law and authority by Defendants Deputies, Defendant Nelson, Defendant Reader, and/or Defendant Pike County proximately caused and were the moving force behind the deprivation of Plaintiff's rights secured to him by the Constitution of the United States including, but not limited to, Plaintiff's right to be secure in his person; the right to be free from excessive force; the right to be free from cruel and unusual punishment; the right to be free from governmental actions and/or inactions that shock the conscience; and the right to both procedural and substantive due process.

46.     The conduct of Defendants Deputies as alleged herein was conduct which reasonable deputies would have known to be in violation of Plaintiff's clearly established Constitutional rights.

47.     The action or inaction of Defendant Nelson, Defendant Reader, Defendant Stansbury, and/or Defendants John/Jane Does #1-10 as alleged herein was conduct that reasonable supervisors would have known to be in violation of Plaintiff's constitutional rights.

48.     The conduct of Defendants as alleged herein constitutes a violation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983 and other applicable laws.

49.     As a result of the above-alleged conduct, Plaintiff sustained deprivations to his civil rights, has suffered and will continue to suffer from physical pain, mental distress with resulting physical manifestations, humiliation, and embarrassment, for which Plaintiff is entitled to monetary relief.  Plaintiff's damages are directly and proximately caused by the conduct of Defendants as alleged herein and will be proven at trial.

50.     Plaintiff has retained undersigned counsel to represent him in this matter and is entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

## COUNT TWO: ASSAULT

51.     Plaintiff hereby incorporates Paragraphs 1 through 50 as if fully written herein.

52.     Defendant Mooney acted with intent to create an imminent apprehension of a harmful or offensive contact with Plaintiff's person.

53.     Defendant Mooney actually threatened and administered imminent physical violence and Plaintiff was placed into apprehension of imminent harmful or offensive contact.

54.     Immediately preceding the intentional physical contact by Defendant Mooney, Plaintiff was placed into apprehension of imminent harmful or offensive contact.

55.     As a direct and proximate result of Defendant Mooney's actions and/or inactions, Plaintiff has suffered and will continue to suffer disabling psychological trauma, loss of enjoyment of life, physical pain and injury, and will continue to suffer the same into the future.

## COUNT THREE: BATTERY

56.     Plaintiff hereby incorporates Paragraphs 1 through 55 as if fully written herein.

57.     Defendant Mooney acted with intent to cause Plaintiff serious bodily injury.

58.     As referenced *supra*, Defendant Mooney inflicted a harmful and/or offensive contact onto Plaintiff's person.  Specifically, Defendant Mooney placed Plaintiff into a restraint chair and then sprayed Plaintiff in his face three (3) separate times with OC (pepper) spray. Defendant Mooney additionally struck Plaintiff eleven (11) times in the face/head while Plaintiff was fully restrained in said restraint chair.

59.     Defendant Mooney's force was excessive and without authorization, express or implied.

60. The amount of force used during the OC (pepper) sprayings and punches to Plaintiff's person, all while Plaintiff was confined in a restraint chair, was harmful and/or offensive and/or outside the scope of any privilege or consent.

61. As a direct and proximate result of the actions and/or inactions of Defendant Mooney, Plaintiff has suffered and will continue to suffer disabling psychological trauma, loss of enjoyment of life, physical pain and injury, and will continue to suffer the same into the future.

**COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

62. Plaintiff hereby incorporates Paragraphs 1 through 61 as if fully written herein.

63. Defendants intentionally, wantonly, and/or recklessly and without privilege, justification, or consent, engaged in acts which constitute the tort of intentional infliction of emotional distress.

64. The actions of Defendants were the proximate cause of Plaintiff's emotional distress.

65. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe physical pain, debilitating physical injuries, humiliation, embarrassment, anxiety, fear, apprehension, great personal discomfort, and extreme emotional distress.

**COUNT FIVE: WILLFUL, WANTON, AND/OR RECKLESS CONDUCT**

66. Plaintiff hereby incorporates Paragraphs 1 through 65 as if fully written herein.

67. Defendant Pike County, Defendant Nelson, Defendant Reader, Defendant Mooney, Defendant Stansbury, Defendant Carroll, and Defendant John/Jane Does #1-10 acted in a willful, wanton, and/or reckless manner.

68. As a direct and proximate result of the actions of Defendant Pike County, Defendant Nelson, Defendant Reader, Defendant Mooney, Defendant Stansbury, Defendant

Carroll, and Defendant John/Jane Does #1-10, Plaintiff suffered the injuries and damages set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in an amount to be shown at trial pursuant to the laws of the United States and the State of Ohio; for reasonable attorneys' fees and costs under 42 U.S.C. § 1988; for a fair and adequate sum for punitive damages in an amount to be shown at trial; for an award to Plaintiff of pre-judgment interest and post-judgment interest; and for any further relief to Plaintiff the Court deems just and proper.

**Respectfully submitted;**

**By: /s/ Andrew S. Hanes_____**
    **Rick L. Faulkner (#0029251) (Trial Attorney)**
    **Andrew S. Hanes (#0079868)**
    **Robert T. Trujillo (#0098482)**
    **THE FAULKNER LAW OFFICE**
    **8055 Hayport Road, CB 02-13**
    **Wheelersburg, Ohio 45694**
    **Telephone: (740) 574-4311**
    **Facsimile: (740) 574-1129**
    **E-mail: ahanes@thefaulknerlaw.com**
    ***Attorneys for Plaintiff***

## <u>JURY DEMAND</u>

Plaintiff, by and through undersigned counsel, hereby respectfully demands trial by jury as to his claims pursuant to Federal Rule of Civil Procedure Rule 38(b), et seq., and Southern District Local Rule 38.1.

By: **/s/ Andrew S. Hanes**

**Rick L. Faulkner, Esq. (#0029251) (Trial Attorney)**
**Andrew S. Hanes, Esq. (#0079868)**
**Robert T. Trujillo, Esq. (#0098482)**
**THE FAULKNER LAW OFFICE**
*Attorneys for Plaintiff*